IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLENE D. RICE                                                                                    PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:15-CV-182-SA-DAS

A&S TRANSPORTATION, INC.                                                                        DEFENDANT

MEMORANDUM OPINION

Charlene Rice originally filed this case in the Circuit Court of Lee County, Mississippi. A&S Transportation, Inc. removed the case to this Court on October 23, 2015, invoking diversity jurisdiction. A&S Transportation filed a Motion for Partial Summary Judgment [8] requesting summary judgment in its favor on several issues. Rice responded [61], and A&S Transportation replied [68] making this motion ripe for review.

*Factual and Procedural Background*

The claims in this case arise from an automobile accident that occurred on June 4, 2012. The Plaintiff's automobile collided with a tractor-trailer driven by an employee of the Defendant after the driver of the tractor-trailer failed to stop at a stop sign, and failed to yield when merging into the lanes of oncoming traffic in which the Plaintiff was traveling. The Plaintiff sustained injuries in the accident and seeks compensatory and punitive damages. Defendant A&S Transportation now requests summary judgment in its favor on all claims for damages related to the Plaintiff's right arm, including carpal tunnel, ulnar nerve, her middle finger, and disfigurement, and on the issue of punitive damages.[1]

---

[1] Defendant A&S Transportation also moved for summary judgment on the issues of all claims for damages related to the Plaintiff's knees, all claims related to lost wages and decreased earning capacity, and all claims based on negligence per se. In her response, the Plaintiff conceded these issues. Summary judgment is therefore granted in the Defendant's favor on the all claims for damages related to the Plaintiff's knees, all claims related to lost wages and decreased earning capacity, and all claims based on negligence per se.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

*Damages Related to the Plaintiff's Right Arm*

Sometime after the accident, the Plaintiff underwent surgeries for carpal tunnel, to her ulnar nerve, and to her middle finger. The Plaintiff alleges that she has scarring and disfigurement because of these surgeries and that these surgeries were necessary to treat injuries sustained in the accident. The Defendant argues that the Plaintiff cannot demonstrate, within a

reasonable degree of medical certainty, that the injuries to her right arm were caused by the accident. In support of its argument the Defendant points to particular portions of the deposition testimony of the Plaintiff's treating physician Dr. Alan Pritchard.[2] The Plaintiff responds by arguing that she can prove that her injuries were caused by the accident and that when Pritchard's testimony is considered in its totality, the requisite causal link is established.

The Court has reviewed the record in this case and finds that the Parties' opposing arguments as to the causal link between the Plaintiff's injuries and the accident are the result of conflicting testimony, and specifically, differing interpretations of the physician's testimony. This is precisely the type of factual controversy inappropriate for weighing and credibility determination in the summary judgment context. *See Little*, 37 F.3d at 1075; *Reeves*, 530 U.S. at 150, 120 S. Ct. 2097. For this reason, the Defendant failed to demonstrate that the Plaintiff cannot establish the existence of an element essential to her case. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548. Summary judgment is denied on the Plaintiff's claims for damages related to her right arm.

*Punitive Damages*

The Mississippi Code authorizes punitive damages if a claimant can "prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others . . . ." MISS. CODE ANN. § 11-1-65(1)(a). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed 'with caution and within narrow limits.'" *Warren v. Derivaux*, 996 So. 2d 729, 738 (Miss. 2008) (citing *Life &*

---

[2] The Defendant also objects to the admissibility of Pritchard's testimony in a separate Motion to Strike [53] which is addressed below.

*Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 620, 622 (Miss. 1988); *Standard Life Ins. Co. v. Veal*, 354 So. 2d 239, 247 (Miss. 1978)).

> Punitive damages should be awarded in addition to actual or compensatory damages where "the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.... [In other words, there must be] some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule."

*Id.* (citing *Bradfield v. Schwartz*, 936 So. 2d 931, 936 (Miss. 2006) (alteration in original)).

The Plaintiff's only evidence in support of her claim for punitive damages is her own testimony. According to the Plaintiff, the Defendant only slowed briefly at the stop sign and yield sign in the median before crossing over into her lane. The Plaintiff argues that the Defendant's disregard for these traffic control devices rises to requisite level of gross negligence and reckless disregard. The Plaintiff also argues that the size, weight, and lack of maneuverability of the truck that the Defendant was driving combined with the manner in which it was driven support the imposition of punitive damages. The Plaintiff does not cite a single analogous case in support of her argument.[3]

The Court's own review of cases demonstrates that "in the automobile context, the Supreme Court of Mississippi has been [and continues to be] extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations." *See Poe v. Ash Haulers, Inc.*, No. 1:10-CV-234-SA-JAD, 2011 WL 2711283, at *3 (N.D. Miss. July 12, 2011) (collecting cases) (quoting *Dawson v. Burnette*, 650 F. Supp. 2d 583, 585–86 (S.D. Miss. 2009) (citing *Walker v. Smitty's Supply, Inc.*, 2008 WL 2487793, at *6 (S.D. Miss. May 8, 2008)); *see*

---

[3] The Plaintiff does cite to *Mutual Life Ins. Co. of New York v. Wesson*, 517 So. 2d 521, 528-30 (Miss. 1987) for the general standard for the application of punitive damages, and *C&C Trucking Co. v. Smith*, 612 So. 2d 1092, 1102 (Miss. 1992), a case where the Mississippi Supreme Court upheld an award of punitive damages in a malicious prosecution case. Neither of these cases bear any factual resemblance to the instant case.

4

*also Mayfield v. Johnson*, 202 So. 2d 630 (Miss. 1967) (denying punitive damages even though there was "no doubt that the appellee did not keep a proper lookout and have his car under control to avoid striking the rear end of the appellant's station wagon," and there was "little doubt that the appellee was operating his motor vehicle in excess of the forty mile per hour regulation"); *Maupin v. Dennis*, 175 So. 2d 130, 131 (Miss. 1965) (finding that while the evidence supported a finding that the defendant driver was indeed negligent by driving at an excessive rate of speed, failing to keep his car under control, and failing to keep a proper lookout, the conduct of the defendant driver "did not indicate any willful or wanton disregard for the safety or property of others, but simply negligence in failing to exercise due care in the operation of his car"); *Dawson*, 650 F. Supp. 2d at 584, 587 (dismissing the plaintiff's claim for punitive damages based on the allegation that the defendant failed to keep a proper lookout for other vehicles as he executed a U-turn); *Francois v. Colonial Freight Sys., Inc.*, No. 3:06-CV-434, 2007 WL 4459073, at *5 (S.D. Miss. Dec. 14, 2007) (holding that the defendant's alleged failure to maintain a proper lookout did not rise to the level of conduct necessary to support an award of punitive damages); *Harris v. MVT Servs., Inc.*, No. 1:06-CV-251, 2007 WL 2609780, at *1, 3 (S.D. Miss. Sept. 5, 2007) (finding the defendant entitled to summary judgment on the plaintiff's punitive damages claim where the driver of a tractor-trailer pulled into the path of the plaintiff's motor vehicle).

In the instant case, the Plaintiff's allegations and arguments related to punitive damages sound in general negligence and negligence *per se*. The Plaintiff has not brought forth any competent evidence of actual malice, willfulness or wanton or reckless disregard. The facts in the record, construing disputed facts in the Plaintiff's favor, simply do not fall within the narrow limits where an award of punitive damages would be appropriate. Put another way, the Court

finds that a reasonable jury could not find either malice or gross neglect and reckless disregard. For these reasons, A&S Transportation's Motion for Summary Judgment as to punitive damages is granted.

*Motion to Strike*

In addition to its Motion for Summary Judgment, A&S Transportation filed a Motion to Strike [53] and limit certain expert testimony. The Plaintiff responded that a number of the witnesses whose testimony is the subject of the instant motion will not testify.[4] The remaining witnesses are Sara Tate, CFNP, Rodney Rodgers, NP, Dr. Victor Gray, Dr. Laura Gray, Dr. Harry Bartee, and Dr. Alan Pritchard.

The Defendant objects to the testimony of Tate and Rodgers, both Nurse Practitioners, arguing that nurses may not offer expert testimony on the issue of causation in Mississippi. The Plaintiff concedes in her response that Tate, Rodgers, Dr. Victor Gray, and Dr. Harry Bartee will not be called upon to offer testimony on causation. The Defendant's objection to causation testimony of nurse practitioners is therefore moot. Any objection that the Defendant may have to the testimony of Dr. Laura Gray will be handled in the normal course of trial.

The Defendant's final objection is to the testimony of Dr. Alan Pritchard. The record indicates that Dr. Pritchard will likely be called upon at trial to testify about the Plaintiff's injuries to her right hand, and the causal link between the accident and the injuries. As noted above the Defendant points to particular portions of Pritchard's deposition arguing that he cannot establish a definitive causal link between the accident and the injuries and his testimony should

---

[4] The Plaintiff has agreed by way of Stipulation [57, 58] or her Response [60] that several of the witnesses whose testimony is the subject of this motion to strike will not testify. These witnesses will not testify and the Defendant's Motion to Strike is therefore moot as to them: Preston C. Gallaher, M.D., William Pillow, M.D., Dr. Paul Watkins, Dr. Christie M. Theriot, Dr. Misty Mosley, Dr. Malinda Prewitt, Dr. Richard Seigler, Dr. Max Taylor, Dr. Sam Newell, Jr., Dr. James Orender, Dr. Ashley Harris, Benjamin Stronach, M.D., R.M. Roberson, M.D., and Sammy R. Green of Green's Accident Reconstruction, LLC.

therefore be excluded. The Plaintiff responds by arguing that viewing Dr. Pritchard's deposition as a whole does establish the requisite causal link. As the Court also noted above there are numerous questions of fact and interpretation underlying this inquiry. The Defendant's argument relies on its specific interpretation of Dr. Pritchard's testimony. This argument goes more to weight than admissibility. For these reasons, the Defendant's Motion to Strike Dr. Pritchard's testimony is denied without prejudice. Depending on the case ultimately presented at trial, the Defendant may renew its objection at the appropriate time.

*Conclusion*

For all of the reasons fully explained above, the Defendant's Motion for Partial Summary Judgment [55] is GRANTED in part, and DENIED in part. Summary judgment is GRANTED in the Defendant's favor on the all claims for damages related to the Plaintiff's knees, all claims related to lost wages and decreased earning capacity, all claims based on negligence per se, and on the issue of punitive damages. Summary judgment is DENIED as to the Plaintiff's claims for damages related to her right arm.

Because the Court here grants the Defendant's motion for summary judgment as to punitive damages, the Defendant's Motion to Bifurcate [70] the proceedings is MOOT.

The Defendant's Motion to Strike [53] is DENIED. Because the Plaintiff indicated that the following witnesses will not testify at trial, the Defendant's objection to their testimony is MOOT: Gallaher, Pillow, Watkins, Theriot, Mosley, Prewitt, Seigler, Taylor, Newell, Orender, Harris, Stronach, Roberson, and Green.

Because the Plaintiff indicated that the following witnesses will not testify as to causation at trial, the Defendant's objection to their testimony is also MOOT: Tate, Rodgers, V. Gray, and

Bartee. For the reasons explained above the Defendant's motion to strike Pritchard's testimony is DENIED without prejudice.

So ORDERED on this the 23rd day of February, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE